IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY VALENCIA

      v.  :  Civil Action No. DKC 09-1155

ULTIMATE STAFFING

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to dismiss or in the alternative for a more definite statement (Paper 7) filed by Defendant Ultimate Staffing.[1] Plaintiff was notified by the clerk of the pendency of the motion and the necessity for filing a response. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). No response was filed. The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion for a more definite statement will be denied and Defendant's motion to dismiss will be granted without prejudice. Plaintiff will be granted 21 days within which to file an amended complaint.

---

[1] Defendant states that its name is actually Roth Staffing Companies, L.P. d/b/a Ultimate Staffing. Because Plaintiff filed the case against Ultimate Staffing, and because Defendant admits that it does business under the name Ultimate Staffing, the court refers to Defendant as "Ultimate Staffing."

## I.   Background

This case arises from a dispute that Plaintiff Nancy Valencia has with her former employer, Ultimate Staffing. Plaintiff states that she is a resident of Laurel, Maryland and that Defendant Ultimate Staffing, operating in Rockville, Maryland, terminated her employment on November 5, 2007 due to her pregnancy.  Plaintiff asserts that she filed charges with the Maryland Human Relations Commission on November 20, 2007. Plaintiff filed a complaint *pro se* on May 5, 2009, seeking back pay.  (Paper 1).  Defendant filed a motion to dismiss or for a more definite statement on July 20, 2009.  (Paper 7).  Defendant asserts that Plaintiff has failed to state a claim because she has not alleged that she exhausted her administrative remedies before filing her suit.  Defendant argues in the alternative that Plaintiff should be required to provide a more definite statement because she has not specified the statute under which she has sued Defendant.

## II.  Motion to Dismiss

### A.   Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Except in certain specified cases, a

plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).    Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), *rehearing denied*, 510 U.S. 1215 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.   *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), *cert. denied*, 510 U.S. 1197 (1994)).   The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at

3

1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B.   Analysis

Though Plaintiff has not specified the statute under which she brings her case, Plaintiff alleges that Defendant discriminated against her based on her sex and that she was terminated because of her pregnancy.[2] Plaintiff sued Defendant in federal court, and both Plaintiff and Defendant reside in

---

[2] Plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Maryland.   Because there is no diversity of citizenship between the parties, there must be a federal question in Plaintiff's complaint for the court to have subject matter jurisdiction. Title VII prohibits discrimination in employment "because of" sex.  42 U.S.C. § 2000e-2(b).  The Pregnancy Discrimination Act amended Title VII to add that "because of sex" includes pregnancy.  42 U.S.C. § 2000e(k).  Therefore, Plaintiff's claim is analyzed as a claim under Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e *et seq.*

Defendant argues that Plaintiff has failed to state a claim because she has not alleged that she exhausted her administrative remedies before filing her Title VII claim.

A plaintiff bringing a Title VII action must allege in her complaint that she filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and received or was entitled to receive a right-to-sue letter from the EEOC.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *Davis v. N.C. Dep't of Correction*, 48 F.3d 134, 140 (4th Cir. 1995).  Maryland is a "deferral state," in which the Maryland Commission on Human Relations (MCHR) has a work-sharing agreement with the EEOC whereby a claim filed before one commission is effectively filed before both.  *See* 29 C.F.R. § 1601.74 (designating MCHR as a Fair

Employment Practices ("FEP") agency).   To file a timely Title

VII action in a deferral state, a plaintiff must file an

administrative charge of discrimination within three hundred

days of the alleged misconduct.   *Williams v. Giant Food Inc.*,

370 F.3d 423, 428 (4th Cir. 2004).

Here, Plaintiff has failed to state a claim because, though

she alleges that she timely filed an administrative charge of

discrimination, she does not allege that she received or was

entitled to receive a right-to-sue letter.   Plaintiff's

complaint states that she filed an administrative charge with

the MCHR on November 20, 2007, fifteen days after she was

terminated from her employment with Defendant.   Plaintiff's

administrative charge was filed well within the three hundred

day limit.   Plaintiff's complaint, filed on a standard

employment discrimination complaint form, does not present any

allegation that she later received a right-to-sue letter from

either MCHR or the EEOC.   Therefore, Plaintiff has failed to

state a claim because she has not alleged that she has exhausted

her administrative remedies.

Even if Plaintiff had pled that she had or was entitled to

a right-to-sue letter from the EEOC or the MCHR, Plaintiff's

complaint does not allege facts needed to support the basic

elements of a pregnancy discrimination claim.   Plaintiff has not

alleged any direct evidence of pregnancy discrimination. Where a claimant is unable to offer direct evidence of pregnancy discrimination, a Title VII sex discrimination claim is ordinarily assessed under the burden-shifting analysis established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Ploplis v. Panos Hotel Group, LLC*, 267 F.Supp.2d 487, 492 (M.D.N.C.2003), *aff'd*, 84 Fed. Appx. 359 (4th Cir. 2004); *Afande v. Nat'l Lutheran Home for the Aged*, 868 F.Supp. 795, 802 (D.Md. 1994), *aff'd*, 69 F.3d 532 (4th Cir. 1995).

Under the *McDonnell Douglas* framework, a plaintiff must first create a presumption of discrimination by alleging a *prima facie* case of discrimination.  To allege a *prima facie* case of discrimination, a plaintiff must assert that: "(1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir.2004), *cert. denied*, 543 U.S. 1132 (2005).

Here, Plaintiff has alleged that she was a member of a protected class and that she suffered adverse employment action,

but she has not presented any facts to support the third and fourth *McDonnell Douglas* elements: that she was meeting her employer's legitimate expectations when she was terminated and that her position remained open or was filled by similarly qualified applicants outside of the protected class. Plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 556. Here, Plaintiff has not pled how she or Universal Staffing knew she was pregnant, who terminated her employment with Universal Staffing, what reason Universal Staffing gave her for her termination, or whether Universal Staffing filled her position with a non-pregnant person or left the position open.

Therefore, the court will grant Defendant's motion to dismiss because Plaintiff has failed to state a claim. The court will dismiss Plaintiff's complaint without prejudice, however, so that Plaintiff may file an amended complaint that alleges facts necessary to meet Title VII's requirements and the *Iqbal* pleading standard.

**III. Motion for a More Definite Statement**

**A.    Standard of Review**

Under Fed.R.Civ.P. 8(a), a complaint must contain a short and plain statement of the grounds for relief.  Rule 8(e) directs that each averment is to be simple, concise and direct.  Rule 12(e), in turn, provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e).  A Rule 12(e) motion is sometimes coupled, as here, with a motion under Rule 12(b)(6) for failure to state a claim, when the complaint is so confusing that it is not possible to determine whether there is or is not a viable claim contained therein.  5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 (3$^d$ ed. 2004).  The court should not grant a Rule 12(e) motion when it is appropriate to grant a Rule 12(b)(6) motion instead.  As stated in Wright & Miller:

> The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. As the cases make clear, the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might

> proceed; in other words the pleading must be
> sufficient to survive a Rule 12(b)(6) motion
> to dismiss.

*Id.* The decision of whether to grant a motion for more definite statement is committed to the discretion of the district court. *Id.* at § 1377; *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

### B.   Analysis

The court will deny Defendant's motion for a more definite statement at this time because Plaintiff's pleading has not survived Defendant's Rule 12(b)(6) motion to dismiss.

## IV.   Conclusion

For the foregoing reasons, Defendant's motion for a more definite statement will be denied and Defendant's motion to dismiss will be granted without prejudice, with leave for Plaintiff to amend her complaint.

                                    /s/
                    _____
                    DEBORAH K. CHASANOW
                    United States District Judge